GORDON *et al. v.* WARDER *et al.*

SAME *v.* CHAMPION MACHINE CO.

SAME *v.* WHITELY *et al.*

SAME *v.* HOOVER *et al.*

(*Circuit Court, S. D. Ohio, W. D.* May 8, 1889.)

1. PATENTS FOR INVENTIONS — CONSTRUCTION OF CLAIM — GRAIN-BINDING DEVICE.

In view of the proceedings in the patent-office before the issue of letters No. 77,878, May 12, 1868, to James F. Gordon, for improvements in grain harvesters, showing that the first claim of the first application, which embraced broadly the feature of a binding device capable of adjustment in the direction of the length of the grain in order to bind the bundle at or near the center, was required to be and was limited, as allowed, to the binding arm, capable of adjustment in the direction of the length of the grain, in combination with an automatic twisting device, substantially, etc., and, in view of the prior state of the art as shown by prior patents, such claim must be limited to the specific combination embodied in it, including the rake as an element, and cannot be enlarged so as to cover all binding devices adjustable to separate machines.

2. SAME—ANTICIPATION.

If so enlarged, the claim would be void, as being anticipated by the Watson, Renwick & Watson patent, No. 8,083, May 13, 1851; Watson & Renwick patent, No. 9,930, June 6, 1853; the patent to S. S. Hurlbut, No. 7,928, dated February 4, 1851; the A. Sherwood patent, No. 21,540, granted September 14, 1858; and the patent issued to Allen Sherwood, August 30, 1859; but, as thus restricted, it is not so anticipated.

3. SAME.

But the patentee is not entitled to the benefit of the doctrine of equivalents or the liberal construction allowed to pioneer inventions.

4. SAME—INFRINGEMENT.

The adjustable feature of certain parts of a grain harvester cannot, in the light of the art as disclosed by prior patents, be treated as substantially the same thing as an independent binding mechanism, adjustable as a whole, with all its parts fixed and unadjustable, simply because such binding device is used in connection with grain harvesters; and such an independent binding machine does not, when so used, infringe the first claim of the patent.

5. SAME—ANTICIPATION.

Such an adjustable and independent binding device could not anticipate the first claim of the Gordon patent, nor is the Gordon invention an anticipation of such a device, as the same is described in the Carpenter patent.

In Equity.

Four suits by John H. Gordon and others against Benj. H. Warder and others, the Champion Machine Company, Whitely, Fassler & Kelly, and Abel Hoover and others, to restrain the infringement of a patent.

*Esek Cowen, Geo. B. Selden,* and *Stem & Peck,* for complainants.

*Parkinson & Parkinson,* for defendants.

*Benj. F. Thurston,* for the William Deering Company.

*John R. Bennett,* for the Minneapolis Harvester Company.

Before JACKSON & SAGE, JJ.

PER CURIAM. Without setting out in detail the facts in the above-entitled causes, which were heard together, and in each of which the

question is narrowed down to the single point whether the first claim of letters patent No. 77,878, for certain "improvements in grain harvesters," issued May 12, 1868, to James F. Gordon, is infringed by the attachable and adjustable binding-machines used by the several defendants in connection with this harvester. The conclusions of the court, after a careful examination of the evidence and full consideration of the questions presented, are the following, viz.:

1. That in view of the proceedings which took place in the patent-office, before said letters patent No. 77,878 were granted, as disclosed in the file wrapper and contents, showing that the patentee was required to and did narrow and limit the broad claim of his first application covering and embracing the broad feature of a binding device or mechanism capable of adjustment in the direction of the length of the grain in order to bind the bundle or gavel at or near the center by confining and restricting said claim, as finally allowed, to "the binding arm, N, capable of adjustment in the direction of the length of the grain, in combination with an automatic twisting device, substantially as and for the purposes set forth;" and in view of the state of the art as shown in the prior patents of Watson, Renwick & Watson, No. 8,083, dated May 13, 1851; of Watson & Renwick, No. 9,930, dated June 6, 1853; of S. S. Hurlbut, No. 7,928, dated February 4, 1851; of A. Sherwood, No. 21,540, granted September 14, 1858; and of Allen Sherwood, No. 25,308, issued August 30, 1859. Said first claim of said letters patent No. 77,878, alleged to be infringed by defendant, must be limited and confined to the specific combination embodied therein, and described in the specification, including the rake as an element of said combination, and cannot be properly enlarged or broadened as a pioneer invention, as urged by counsel for complainants, so as to cover any and all binding devices or mechanism which are made adjustable to separate and independent harvester machines.

2. That, if not so limited and restricted, said letters patent No. 77,878 were anticipated by the patents above mentioned, and therefore void.

3. That as limited and confined to the specific combination therein described, said first claim of said letters patent is valid, but complainants cannot, under said claim, invoke in behalf of this patent the doctrine of equivalents, or the liberal construction allowed to pioneer inventions, so as to broaden said claim, and thereby practically make it cover what the patent-office had once rejected, with the patentee's acquiescence.

4. That under this view of the proper restrictive construction to be placed upon said letters patent, or the first claim thereof, it neither anticipates the S. D. Carpenter patent, nor was it anticipated by said Carpenter's patent. Said Carpenter's patent and invention embodies the adjustable and independent binding mechanism such as defendants generally use and employ in connection with their grain harvester.

5. That the defendants' binding machines, which are entirely separate, independent, and distinct from the grain harvesters, although so constructed as to be attached to said harvesters, and made adjustable so as to bind the gavel centrally, do not, when so used, infringe the first claim

of complainant's said patent No. 77,878. The adjustable feature of certain parts of a single combined machine or grain harvester cannot, in the light of the art as disclosed in prior patents, be treated or regarded as the same or substantially the same thing as an independent binding-mechanism, adjustable as a whole, with all its parts fixed and unadjustable, simply because such binding device is used in connection with grain harvesters.

6. That the bills in the above-entitled causes should each be dismissed at complainant's costs, and it is accordingly so ordered and adjudged.